# SUPERIOR COURT.

## SPRING SESSIONS,

## 1861.

---

JOHN DOE on the demise of NATHAN SCOTT and HARMONIA
SCOTT, his wife, *v.* RICHARD ROE, casual ejector, and
JAMES ALEXANDER, tenant in possession.

In an action of trespass for mesne profits after a recovery in ejectment,
the value of improvements made upon the premises by the defendant,
may be recouped, or recovered by him in analogy to a set-off against the
demand of the plaintiff. But if the premises be recovered from a tenant
and the action of trespass is against him alone, the value of improvements
made by his landlord, cannot be recouped, or recovered by him in the
action.

THIS was an action of trespass for mesne profits after
a recovery in ejectment by the plaintiff against the de-
fendant, with the usual pleas and notice to the plaintiffs
of recoupment on the other side, for taxes paid and re-
pairs and improvements made upon the premises by the
defendants and others.

The lands in question had been sold on a judgment in
the Superior Court for the county at the suit of Jacob
Charles, who purchased them at sheriff's sale and after-
ward sold and conveyed them in fee simple to Amos
Stayton, who built and made sundry improvements and
repairs on the premises, and afterward rented them to
Alexander, the defendant, from whom one-third of the

41

premises had been recovered by the plaintiffs in the action of ejectment for defect of title in Stayton, his landlord.

*E. D. Cullen,* for the defendant, called a witness and inquired of him what improvements had been made upon the premises by Amos Stayton, after his purchase of them, and the cost and value of them.

*C. S. Layton,* for the plaintiffs, objected to the question, because Amos Stayton was not a party to the action, and the evidence was therefore inadmissible. Admitting that the principle, or doctrine of recoupment applied in such an action, it was only allowable in the nature of a set-off for a sum due the defendant in the suit, as an equivalent for improvements made by him on the premises, but not for improvements made upon them by another who was not a party to the action. *Adams on Eject.* 425, 459. *Butler v. Rose,* 5 *Hill* 76. *McAllister v. Reab* 4 *Wend.* 483. 1 *Hill* 484.

*E. D. Cullen,* for the defendant: Recoupment was a new thing in our practice, for he had never known the principle to be suggested before in any case in our courts. It was familiar, however, in the English courts, and was still more so in the courts of New York and in some other states of the Union. But recoupment was allowable only by way of notice; for it could not be pleaded. It was not the subject of a legal plea, but the party to avail himself of the benefit of such a defence, or counter claim, should give notice of it before trial to the other side, to prevent surprise. The premises in question were devised to one Constantine Morris for life, as this court construed the devise in the action of ejectment; but in his life-time, the estate devised to him was supposed to be in fee simple, and as such, it was sold on a judgment against him and bought by Jacob Charles, who sold the premises to Amos Stayton and who made the improvements upon them referred to, and afterward rented them to the defendant;

and it was for these improvements that he now sought to recoup or recover in this action in analogy to a set-off, the money expended by him on the improvements, the benefit and value of which had passed in part to the plaintiffs on their recovery of one-third of the land in the action of ejectment. In an action for mesne profits, money expended for repairs, or improvements on the premises, may be recouped, for the action was a liberal and equitable one, and would allow of every kind of equitable defence. *Jackson v. Loomis,* 4 *Cow.* 168. *Murray v. Governeur et al.,* 2 *Johns. Ca.* 441. *Hylton v. Brown,* 2 *Washg. C. C. Rep.* 165. And the same may be done in an action on a special contract for a breach of it. *Butler v. Rose,* 5 *Hill* 76. *Allaire v. Whitney,* 1 *Hill* 484. And recoupment is allowed in such cases to avoid circuity of action. *McAllister v. Reab,* 4 *Wend.* 483.

*C. S. Layton* replied.

*By the Court*: We have no doubt as to the general right, or allowance of the principle of recoupment in a case like the present. But the defendant in this action is entitled to recoup, or recover by the way and in analogy to a plea of set-off against the demand of the plaintiffs, only for such improvements as were made by himself, and not by, or at the cost and expense of another, who is not a party to the action. The objection must therefore be sustained and the evidence proposed to be introduced as to improvements made by Stayton on the premises, must be rejected.

The case afterward went to the jury and the plaintiffs had a verdict.